11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Yolanda R. Balderas

Appellant

Vs.                   No.
11-02-00015-CV B Appeal from Harris County

First Capital Interest, L.L.C. and Ronald J.
Sommers, 

as Trustee for Major
Funding Corporation Liquidating Trust               

Appellees

 

Based on
the jury=s verdict, the trial court entered a judgment
that Yolanda R. Balderas take nothing on her claims against First Capital
Interest, L.L.C. and against Ronald J. Sommers as Trustee for Major Funding
Corporation Liquidating Trust.  The
trial court determined that First Capital would take nothing on its claims
against Sommers and against Balderas. 
The trial court signed the judgment on September 20, 2001.  Balderas filed a request for findings of
fact and conclusions of law on September 21, 2001.  Balderas then filed  her
notice of appeal on November 16, 2001, 57 days after the date the judgment was
signed.

Sommers
has filed in this court a motion to dismiss the appeal for want of jurisdiction
because Balderas failed to timely perfect an appeal.  Sommers argues that Balderas=s request for findings of fact and conclusions of law is not proper
since a jury trial was conducted and, therefore, that Balderas=s request did not extend the time for filing
a notice of appeal under TEX.R.APP.P. 26.1 from 30 days to 90 days.  Balderas has filed a response contending
that her request for findings of fact and conclusions of law is proper because
the Acase was submitted to the jury on very
limited special issues@ and
because Athe trial court was required to make
interpretation of the jury answers.@ 








   In her first amended petition, Balderas
alleged that she contracted with Major United Stell Siding Corp. in 1982 for
Major United to install carpet and padding in her homestead.  Major United assigned the contract and deed
of trust to Bernard and Judith Wolstein who later assigned the contract to
Major Funding Corporation, a defendant in Balderas=s suit. 
In 1992, Sommers Ainduced@ her to execute a promissory note payable to
Sommers to renew and extend her obligation under the contract.  Balderas=s homestead was sold in a forced sale in 1999.  

Balderas
sought to recover under the theories of usery, violation of the Deceptive Trade
Practices-Consumer Protection Act (TEX. BUS. & COM. CODE ANN. ' 17.41 et seq. (Vernon 2002), violations of
the TEX. FIN. CODE ANN. ' 392.001 et seq. (Vernon 1998 & Supp. 2002), and unlawful
foreclosure.  Balderas also sought to
recover attorney=s fees under the Declaratory Judgment Act
(TEX. CIV. PRAC. & REM. CODE ANN. ' 37.001 et seq. (Vernon 1997 & Supp. 2002).  

The charge
to the jury contained 14 questions.  The
questions addressed the cost of the materials and labor for installing the
carpet, the notice Major Funding gave Balderas concerning foreclosure and right
to remedy, the amount of money Sommer collected under the original 1982
contract, reasonable attorney=s fees for Balderas defending her rights against First Capital, First
Capital=s reliance on Major Funding=s foreclosure on Balderas=s home, First Capital=s economic damages, reasonable attorney=s fees for First Capital, Balderas
representations to First Capital, damages to be assessed against Balderas and
Major Funding, and Balderas=s possible waiver of her right to claim that a lien did not attach to
her homestead. 

We
disagree that the questions to the jury were Avery limited.@  The trial court=s judgment recites that it is based on the
jury=s verdict.

TEX.R.CIV.P.
296 provides that A[i]n
any case tried in the district or county court without a jury, any party may
request...findings of fact and conclusions of law.@ 
Because this trial was not a nonjury trial within the meaning of Rule
296, the request for findings of fact and conclusions of law does not work to
extend the appellate deadlines; and the notice of appeal was not timely filed.

Sommers=s motion to dismiss is granted.  The appeal is dismissed for want of
jurisdiction.

 

PER
CURIAM

September 12, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.